# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00745-CV

**Texas Health & Human Services Commission; and Kyle Janek, in his Official Capacity as Executive Commissioner of the Texas Health & Human Services Commission, Appellants**

**v.**

**Planned Parenthood of Greater Texas Family Planning and Preventative Health Services, Inc.; Planned Parenthood Association of Hidalgo County Texas, Inc.; Planned Parenthood Association of Lubbock, Inc.; Planned Parenthood Association of Cameron and Willacy Counties; Family Planning Associates of San Antonio; Planned Parenthood Gulf Coast, Inc.; and Planned Parenthood of West Texas, Inc., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-12-003365, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal shares some common historical background with *Texas Dep't of State Health Servs. v. Balquinta*, in which we have also issued our opinion and judgment today.[1] Both appeals concern jurisdictional challenges interposed against claims brought by the appellees above complaining of administrative rules rendering them ineligible to participate as providers in one of the iterations of a State of Texas-funded health benefits program commonly known as the "Women's Health Program" (WHP).[2] Whereas *Balquinta*, the other cause, concerns appellees' challenges to

---

[1] No. 03-13-00063-CV, 2014 Tex. App. LEXIS ____ (Tex. App.—Austin Apr. 9, 2014, no pet. h.) ("*Balquinta*").

[2] *See generally id.*, slip op. at 2-10 (summarizing the history of the WHP programs).

their exclusion from the current version of the WHP, known as the "Texas Women's Health Program" (TWHP),[3] the present cause concerns similar challenges they made to their exclusion from the WHP's former iteration, the "Medicaid WHP" we describe in our *Balquinta* opinion.[4] More specifically, appellees' suit underlying the present cause sought declaratory and injunctive relief to overturn HHSC administrative rules excluding them from the former Medicaid WHP and, relatedly, to compel appellants to cease such exclusion in order to remove a perceived impediment to renewal of a federal waiver allowing for federal Medicaid funding for that program.[5]

As we also explain in *Balquinta*, the former Medicaid WHP no longer exists—the original statutory authorization for the program expired effective September 1, 2011; the federal government announced in March 2012 that it would end federal funding for the program effective on January 1, 2013, and it ultimately did so; and any state appropriations applicable to the program ended with the conclusion of the "2012-13" biennium on September 1, 2013.[6] Furthermore, as appellants have pointed out, the state administrative rules that governed the former Medicaid WHP—and which were the principal focus of appellees' lawsuit—were repealed effective November 1, 2013.[7] Citing these facts, which are undisputed, appellants urge that we must dismiss the cause as moot. We agree. There is presently no live controversy concerning the now-defunct

---

[3] However, in *Balquinta*, unlike the present cause, appellees are joined by an individual plaintiff, Marcela Balquinta, as suggested by its caption.

[4] *See id*. at 2-7.

[5] *See id*. at 7-14.

[6] *Id*. at 7.

[7] 38 Tex. Reg. 7681 (2013).

Medicaid WHP, and any decision on the merits of appellees' claims cannot affect rights or interests they could possess in this now-nonexistent program.[8]

In response to appellants' assertion of mootness, appellees acknowledge that their claims for relief challenging their exclusion from the former Medicaid WHP are now moot, but suggest that they might be able to replead to seek broader relief predicated on the notion that chapter 32 of the Human Resources Code imposes an affirmative duty on appellants to seek federal Medicaid funding for a new or renewed version of the Medicaid WHP. To the extent such a claim would otherwise be within the district court's jurisdiction, appellees could pursue it in their still-pending *Balquinta* suit, where they have already asserted a similar theory.[9]

Accordingly, we render judgment vacating the district court's order on appeal and dismissing the cause for want of subject-matter jurisdiction.[10]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Rose

Vacated and Dismissed for Want of Jurisdiction

Filed: April 9, 2014

---

[8] *See, e.g.*, *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *Dewhurst v. Hendee*, 253 S.W.3d 320, 332-33 (Tex. App.—Austin 2008, pet. dism'd).

[9] *See Balquinta*, No. 03-13-00063-CV, slip op. at 12.

[10] *See Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229-30 (Tex. 1993).